Ila Crosby CULWELL et al., Appellants,

v.

W. J. SHIRLEY, Appellee.

No. 3914.

Court of Civil Appeals of Texas.

Eastland.

Oct. 16, 1964.

Rehearing Denied Nov. 20, 1964.

Oliver & Oliver, W. Herbert Oliver, San Antonio, Bryant, Glenn & Thomas, Bill Thomas, Abilene, for appellants.

W. B. Wright, Cisco, for appellee.

WALTER, Justice.

Minnie P. Crosby, a feme sole, et al. hereinafter referred to as Crosby heirs filed suit against Addie Shirley, a widow, and O. B. Shirley, Administrator with the Will Annexed of the Estate of W. J. Shirley, deceased, hereinafter referred to as Shirleys, for an accounting and to recover one-half of the minerals under the north 80 and all of the minerals under the south 80 of a 160 acre tract of land in Callahan County, Texas. The defendants pleaded the three, five and ten year statutes of limitation. The plaintiffs' cause of action was predicated on an alleged contract executed by the defendants' predecessor in title, W. J. Shirley. W. J. Shirley purchased the land from the Crosby heirs. Plaintiffs allege that as part of the consideration for the purchase of said land W. J. Shirley made, executed and delivered to them the following contract:

"I agree to make you a contract that I will deed you the am't of royalty or mineral you desire after the Loan Association is put through.

(Signed) W. J. Shirley."

The court tried only the issue of title to the minerals and severed plaintiffs' cause of action for an accounting. Based on a verdict judgment was rendered that plaintiffs take nothing.

 The plaintiffs have appealed. Appellants' point that the court erred in failing to submit issues on fraud cannot be sustained. The Crosby heirs' theory of recovery was predicated on a contract that Shirley would reconvey the minerals to them after a Federal Loan Bank loan to Shirley was completed. The jury found that Shirley made such an agreement to reconvey the minerals. Shirley's defense was the three, five and ten year statutes of limitation. The jury found for the Shirleys on all limitation issues. Based on such findings the court was compelled to enter a judgment for the appellees. We fail to find any pleadings of fraud. There is no showing in the record that appellants requested issues on fraud as required by Rule 279, Texas Rules of Civil Procedure. Therefore, fraud issues, if any, were waived. Clark v. National Life & Accident Insurance Company, 145 Tex. 575, 200 S.W.2d page 820.

 The jury found that Shirley made an agreement to reconvey the minerals to the Crosby heirs after the loan to Shirley was completed; that the Crosby heirs found out that Shirley was claiming the minerals in question adversely to them on February 21, 1946; that Shirley had peaceable and adverse possession of the property in controversy under the three, five and ten year statutes of limitation before September 19, 1960, the date suit was filed, and subsequent to May 27, 1944, the date the deed was delivered. Crosby heirs contend the court erred in failing to render judgment for them on the verdict. We cannot agree with this contention. Every element of adverse possession under the three, five and ten year statutes of limitation was established by the pleadings, proof and findings of the jury.

The jury's finding that W. J. Shirley agreed to reconvey the minerals to the Crosby heirs could not prevail over appellees' favorable jury findings on their defense of limitation. Appellees were entitled to judgment on the basis of the superior title they acquired by limitation. "Whenever an action for the recovery of real estate is barred by any provision of this title, the person having such peaceable and adverse possession shall be held to have full title, precluding all claims" Art. 5513, Vernon's Ann.Civ.St. "It is generally accepted that the statutes of limitation include all classes of landowners and permits no exception to anyone from the operation of such statutes unless such parties are expressly, or by necessary implication, excluded." Lance on Texas Practice, Land Titles, Volume 5, page 399; Trustees of College of De Kalb v. Williams, Tex. Civ.App., 143 S.W. 348. (Writ Refused.) "The title of appellees, having been perfected and completed by limitation, vested in them full legal and equitable title to the land, and it could not be lost by abandonment." Philadelphia Trust Company v. Johnson, Tex.Civ.App., 257 S.W. 280, (Writ Dismissed.).

Appellants contend the court erred in admitting the testimony of several witnesses to the effect that they did not know or had never heard of any one claiming the land adversely to W. J. Shirley. R. L. Clinton testified substantially as follows: I have lived in and around Putnam practically all my life. I knew W. J. Shirley during his life time. I became acquainted with him after he moved on the place that he bought from the Crosbys. This was sometime in the twenties. Mr. Shirley was farming the land and running a few cattle. The land was fenced. I lived about a mile from his farm. I am well acquainted in this area and I am familiar with the land located there. "Q. Did you ever hear of any adverse claim against the land?" Appellants objected to this question "because it is purely and obviously calling for hearsay testimony." The court overruled their objection and Mr. Clinton answered "No, sir."

Clinton testified further as follows: There has been production of oil and gas on the Shirley land for approximately eight years. Appellants objected to Mr. Clinton's testimony relative to the production of oil and gas because it was irrelevant and immaterial. The court overruled their objection.

J. R. Shirley testified substantially as follows: He had been familiar with the use and occupancy of the land for twenty years. When he leaves the highway going to his farm, he travels down the fence line on the Shirley place. He has been on the Shirley land three or four times a week during the last twenty years. His father W. J. Shirley had possession of the land during this twenty year period and terraced and farmed the land during such time. He was asked:

"Do you know whether or not there was ever any adverse claim to his ownership of that land?

A. There never was."

No objection was made to this testimony, but appellants had objected to similar testimony given by Clinton and objected to similar testimony subsequently given by other witnesses. After answering several other questions he was then asked:

"All right. Has there ever been any production upon this land?

A. Yes, sir."

Appellants' counsel then stated to the court "We make the same objection to that as we have the other, Your Honor", which objection the court overruled. Appellants' counsel had previously objected to similar testimony given by the witness R. L. Clinton because it was irrelevant and immaterial.

The Shirleys had the burden of establishing that their possession of the land was adverse and hostile to that of the Crosby heirs under their plea of limitations. The testimony relative to the production of oil and gas was relevant and material on the limitation issues. We have considered all of appellants' points wherein they complain

about the action of the court in overruling their objections and permitting the witnesses to testify, in effect, that they had not heard and did not know of any claim adverse to Mr. Shirley's. We have concluded that appellants have not shown that the admission of such testimony was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

Appellants' contention that the court erred in overruling their objection to the testimony of J. R. Shirley wherein he testified that W. J. Shirley, deceased, stated that he had never signed a contract of any kind and that he never acknowledged any adverse ownership, cannot be sustained. The testimony that W. J. Shirley had never signed a contract of any kind could not have hurt appellants because the jury, in answer to special issue number 1, found that W. J. Shirley did make such a contract. Appellants contend that such testimony was inadmissible under Article 3716, commonly referred to as the dead man's statute. In support of such contention appellants cite the case of Edelstein v. Brown, 100 Tex. 403, 100 S.W. page 129. In that case, J. M. and L. B. Brown as children and only heirs of Mrs. Sarah Edelstein, deceased, filed suit against E. Edelstein seeking to recover their mother's interest in the community property of their deceased mother and the defendant Edelstein. The defendant sought to testify that he was never married to the mother of the plaintiffs and that she and he never agreed in any way to become husband and wife. This testimony was objected to and the court sustained the objection because the defendant was not competent to testify as to transactions between himself and the deceased because it was prohibited by the dead man's statute. The Supreme Court held that the evidence was properly excluded. The Edelstein case does not support appellants' contention because the witness Edelstein was a party to the suit. He was the defendant. J. R. Shirley was not a party to this suit. He did not have or claim any interest in the subject matter of the suit which could have been affected by the judgment. The provisions of Article 3716 did not prohibit him from testifying. In Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d page 291, our Supreme Court in writing on the dead man's statute said:

"Such a witness, to fall within the rule, must have or claim some actual interest in the subject matter of the suit pertaining to the estate of the deceased which may be affected by the judgment rendered."

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.